STATE *vs.* CHARLES B. GILMAN.

Kennebec.   Opinion November 4, 1879.

*New trial—motion for.   Verdict.   Jurisdiction.*

In a criminal case, a motion after verdict, for a new trial on account of an alleged incompetence of a juror because of prejudice, or because of having previously formed or expressed an opinion as to the guilt of the prisoner, is addressed to the discretion of the justice presiding at *nisi prius* and is to be decided by him; to his decision no exception will lie.

The law court has no jurisdiction of such a motion.

ON EXCEPTIONS.

Indictment against respondent for assault upon one John Flood with intent to kill and murder. Tried October T., 1877. Plea, not guilty. Verdict, guilty. Exceptions were then filed and allowed, and the case sent to the law court.

February 7, 1879, the following order was sent down from the law court: "Exceptions overruled. Judgment on the verdict." Whereupon on March 28, (March term Kennebec co., 1879) and before sentence, the following motion signed and sworn to by defendant, was made to the judge presiding at *nisi prius* ; to wit :

"And now, after verdict and before sentence, the said respondent comes into court and moves that said verdict against him be set aside, and a new trial granted, because, he says, that since the last October term of said court, to wit, since the first day of March instant, he has been informed and believes that one Samuel B. Trafton of Waterville, Maine, a member of the jury that returned said verdict against him at said October term, A. D. 1877, was utterly disqualified to act as a juror in said trial, by reason of the fact that said Trafton was not an impartial and unbiased person, but was then and there grossly prejudiced against this respondent, and before the trial of said case, after said Trafton had received notice that he had been drawn as a juror, he, the said Trafton, had prejudged the case, and then and there formed and expressed an absolute, unqualified and unconditional opinion that said respondent was guilty and ought to be sent to state prison for twenty-five years, and then and there expressed a deter-

mination to 'go against the said respondent an'd do all he could to lock him up,' and otherwise disclosed his bias and · prejudice as will appear by the testimony of witnesses herein after stated. Since the rendition of said verdict, to wit, on the first day of March instant, the respondent learned that one Lorenzo Gilley is a material witness in support of the foregoing motion and allegation, and if present in court would testify substantially as follows :

That on the night of the thirteenth of October, he staid at said Trafton's, and had a conversation with said Trafton relative to Charles B. Gilman shooting affair ; that said Trafton said 'if I had my say he would ·be shut up, he ought not to run at large ;' that 'said Gilman was not justified in shooting under any circumstances;' that 'the law provided a way for him to get his rights without shooting and cutting;' that 'he wouldn't hang him, but of course they will convict him ;' that 'Noyes has got money, and he will shove him just as far as the law will put him, and I don't blame him a mite. I would. Gilman will be sentenced for some twenty or twenty-five years in state prison ; he hasn't killed any body but has wounded two or three.' That afterwards, and while said Trafton was on the jury, said Gilley asked said Trafton what they would do with said Gilman, and Trafton said he calculated they would give him a good dose, that he deserved it and he had got to take it, and Trafton said 'I hope he will.' That Trafton said to him, (said Gilley,) 'I shall go against Gilman, and do all I can to lock him up.'

And said respondent has also learned since said verdict, to wit, on March fifth, instant, that one Charles M. Herrick is a material witness in support of said motion, and if present in court would testify substantially as follows :

That on October 13, A. D. 1877, said Trafton told him that · said Gilman, on account of his shooting on that day ought not to run at large, but ought to be imprisoned, and ought not to be allowed bail, that a man had no right to shoot under any circumstances, not even for breaking into his house.

Said respondent has further learned since said verdict, to wit, on the twenty-fifth day of March instant, that one Charles D. Butterfield is a material witness in support of said motion, and if present in court would testify substantially as follows :

That he (said Butterfield) had a conversation with said Trafton before said Trafton was drawn on the jury, in which said Trafton said that said Gilman ought to be put in state prison if ever any one had, that he ought not to be allowed bail, and ought not to be allowed to run at large.

And the respondent further avers that prior to said first day of March instant, he had no knowledge whatever that said Trafton was so biased and prejudiced, or had so formed and expressed an opinion, or was in any manner disqualified to act as a juror in said trial, and had no knowledge of any part of the testimony of said witnesses hereinbefore stated. And he further avers that by the exercise of due and reasonable diligence he could not have obtained, prior to said date, said knowledge.

Respondent further avers that he has been grievously wronged and prejudiced by the fact that said Trafton served as a juror in said trial, and that he has thereby been deprived of his constitutional right to be tried by an impartial jury."

On the twenty-fifth day of the term, being April 1st, 1879, the court having fully heard the foregoing motion, was of the opinion that the motion came too late, and was not sustained by the evidence, and ordered that the same be dismissed. To which opinion and order the defendant alleged exceptions.

In case the ruling is erroneous, the law court to make such disposition of the motion as the law and evidence require.

Other facts sufficiently appear in the opinion.

*E. F. Webb,* (county attorney) for the state.

*E. F. Pillsbury, Foster & Stewart,* for the defendant cited *Rex* v. *Tilley,* 5 Leach, 66, 670. 4 Black. Com. 376. Bouv. L. Dict. Burr L. Dict. *Com.* v. *Lockwood,* 325. Hill. New Trials c. 9, § 5. *Studley* v. *Hall,* 22 Maine, 201. *People* v. *Plummer,* 9 Cal. 309. *Rollins* v. *Adams,* 2 N. H. 349. *McLane* v. *State,* 10 Ga. 241. *Alfred* v. *State,* 37 Miss. 296. *Bradbury* v. *Cony,* 62 Maine, 225.

DANFORTH, J. This is a motion by the respondent for a new trial on the ground that one of the jurors who rendered the verdict "was grossly prejudiced against the respondent and after he had

received notice that he was drawn as a juror and before the trial he had prejudged the case, and had formed and expressed an absolute, unqualified and unconditional opinion that said respondent was guilty."

The case is before us on exceptions and the whole evidence is reported with the provision that if "the ruling of the justice presiding is erroneous, the law court is to make such disposition of the motion as the law and the evidence require."

I. The first ruling was that the motion was made too late.

The verdict was rendered at the October term, 1877, and exceptions allowed. February 7, 1879, an order was received from the law court to enter "Exceptions overruled—judgment on the verdict." This was all the law court could do. By our statute it has no authority to pass sentence, and of course cannot render final judgment. This can be done only in the court in which the trial is had. The effect of the order was that all matters pending to prevent final judgment had been disposed of, and that alone remained to be done by the proper tribunal. As that can be done only in term time, the case must stand upon the docket until the next term for that purpose. Such was the condition of the case when this motion was made; a conviction but no final judgment, for which it was awaiting.

While the case is thus pending it is not only competent but eminently proper that the respondent should be heard as to the limit of the sentence to be imposed, or whether it shall be postponed to a future time that the defendant may have an opportunity to show to the proper tribunal that he has been improperly convicted. If there had been any defect in the indictment, or in the proceedings at the trial apparent upon the record no doubt a motion in arrest of judgment would have been seasonable. *State* v. *Soule*, 20 Maine, 19.

The purpose of these two motions being the same, that of ultimately defeating the final judgment it is apparent that a seasonable time for the one would also be seasonable for the other. But while the motion in arrest is a recognized step in the proceedings of a criminal trial presented for the purpose of correcting some error in the law, the motion for a new trial is addressed to the

judicial discretion of the court. True every party has a legal right to a fair and impartial trial, and to secure this he is to be tried by the principles of law applicable to his case and the proceedings, as well for the selection of a jury as in other respects, are to be such as are established by law; and for a violation of any of them the remedy is by exceptions. Hence when these exceptions are disposed of ordinarily the legal rights of the respondent have been complied with, or legally it must be so presumed. If therefore by any subsequent developments or newly discovered evidence there is reason to suppose the defendant has not been fairly tried, his appeal must be to the discretion of the court. *Com.* v. *Green,* 17 Mass. 515. The remarks in the opinion in that case on page 538, though applied to the admission of a witness claimed from subsequently discovered evidence to have been incompetent, are forcible, and equally applicable to the subsequent discovery of the supposed incompetence of a juror.

In *State* v. *Elden,* 41 Maine, on page 171, Tenney, C.J., in the opinion says: "It was then (after conviction, exceptions having been filed and disposed of) the right of the attorney for the state to move for sentence, and no power in the least effectual could the convict claim, as his right under the laws of this state, to interpose a valid objection thereto."

Thus though it was discretionary with the justice presiding whether the sentence should be delayed for a hearing upon the motion, yet the ruling that the motion was too late was technically erroneous; but if in such case exceptions will lie, we see no occasion for sustaining them in this case for a full hearing was had, all the evidence was taken and the whole is now here.

II. A further ruling excepted to is that the motion is not sustained by the evidence and that it be dismissed. This involves a question of jurisdiction. It is contended that such a motion is for the law court only, and should have been at once reported to that tribunal for a decision.

Under the present organization of our judiciary the law court is not a court for trials and has such and only such jurisdiction as is conferred upon it by statute, and the only provision relied upon to support the rule contended for, is found in R. S., c. 77, § 13, as

amended by c. 231 of the acts of 1874. It is this: "Cases in which there are motions for new trials upon evidence reported by the judge." In the same section is another clause which reads thus : "cases, civil or criminal, presenting a question of law."

In *State* v. *Hill*, 48 Maine, 241, in a well considered opinion it was held that the former clause referred to civil cases alone while the latter included criminal. In *State* v. *Smith*, 54 Maine, 33, that decision was affirmed. The reason upon which these decisions rest would seem to be conclusive. It is found in other provisions of the statute providing the manner in which different questions shall be carried from the trial to the law court. In c. 82, § 33, R. S., which relates exclusively to civil cases, is a provision for reporting motions to the law court. This provides not only for motions such as was considered in *State* v. *Hill*, but "for motions founded on any alleged cause not shown by the evidence reported" but depending upon testimony to be taken. This includes of course such a motion as is here pending when made in a civil action. In R. S., c. 134, § 26, which relates to criminal cases only, is found the provision for questions of law in such cases and this provides that all such questions shall be raised by exceptions, or "any question of law allowable by exceptions," may be reported. Hence this motion like that in *State* v. *Hill*, is not provided for by statute, and like that must depend upon the principles of the common law and can therefore be heard only in the court where it was tried. That it can there be heard has never been doubted since the decision in *Com.* v. *Green*, *supra*. In *State* v. *Kingsbury*, 58 Maine, 238, where a motion of this kind was entertained, it came up with the bill of exceptions and no question as to its propriety was raised. On the other hand a motion depending upon the same law, in *State* v. *Verrill*, 54 Maine, 581, a case of great importance, defended and prosecuted by able counsel and carefully examined by at least two justices, was passed upon by the court in which it was tried without any question as to its jurisdiction.

III. Notwithstanding our conclusion that we have no jurisdiction of this motion, we deem it proper to say that under the provisions in the exception that if any of the rulings were erroneous "the

law court is to make such a disposition of the motion as the law and evidence require," we have carefully examined the evidence reported and find no error in the ruling that the motion is not sustained.

As regards the testimony of the witness Gilley it is so contradictory in itself and so entirely overborne by the testimony on the part of the government that it can have no weight whatever in sustaining the allegations.

The testimony of Herrick giving it its full force proves no opinion or prejudice on the part of the juror. It does not appear that before the conversation testified to, the juror had any information upon the subject or that during the conversation any question was made as to the respondent's guilt or innocence, but rather a condemnation of such an act in any man. It was evidently such a conversation as under the circumstances might take place without leaving any impressions upon his mind inconsistent with his impartiality as a juror, and certainly entirely insufficient to show his answers under oath to the questions put as to his qualifications untrue. *State* v. *Kingsbury, supra.*

> *The exceptions must be dismissed. The entry to stand upon the docket as ordered by the court below. Motion heard and dismissed.*

APPLETON, C. J., WALTON, BARROWS, LIBBEY and SYMONDS, JJ., concurred.